MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KATHRYN HAUN (DCBN 484131)
WILLIAM FRENTZEN (LABN 24421)
ARVON J. PERTEET (CABN 242828)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: 415.436.7200
    FAX: 415.436.7234
    kathryn.haun@usdoj.gov
    william.frentzen@usdoj.gov
    arvon.perteet@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 15-0319 RS |
| Plaintiff, | ) |
| | ) APPLICATION OF THE UNITED STATES FOR |
| v. | ) A PRELIMINARY ORDER OF FORFEITURE |
| | ) |
| CARL MARK FORCE IV, | ) |
| Defendant. | ) |

    The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully submit this Application of the United States for Issuance of a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

    On June 22, 2015, defendant Carl Mark Force IV was charged by information with violations of Title 18, United States Code, Section 1956(a) (Money Laundering); Title 18, United States Code, Section 1512(c)(2) (Obstruction of Justice), and Title 18, United States Code, Section 1951 (Extortion Under Color of Official Right). The information also sought criminal forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1) (Money Laundering Forfeiture); Title 18, United States Code,

Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) (Obstruction of Justice Forfeiture) of the following, including but not limited to:

  a. any property, real or personal, involved in any such offense, or any property traceable to such property, including but not limited to a money judgment equivalent to the amount of property involved in the violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i); and

  b. any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a money judgment equivalent to the amount of property involved in the violation of 18 U.S.C. §§ 1512(c)(2) and (2).

On July 01, 2015, defendant Carl Mark Force IV, pled guilty to Counts One, Two and Three of the information, namely, Title 18, United States Code, Section 1956(a) (Money Laundering); Title 18, United States Code, Section 1512(c)(2) (Obstruction of Justice), and Title 18, United States Code, Section 1951 (Extortion Under Color of Official Right), and agreed to forfeit, to the United States, the following property:

  a. $13,045 in United States Currency held in BTC-e account;

  b. 400.00101 BTC in 14QPeQ2UZaMw9khqQeisVNT54j6A3U5KfE;

  c. 51.53406841 BTC in 16MksrMPrpjUots9hZet8fC9fjNZoS4L2p[1];

  d. 53 BTC in 1MZTe8a3C7EG6w4HGPLbkmcpRQJfkXkZCW[2];

  e. 70 BTC in 1MZTe8a3C7EG6w4HGPLbkmcpRQJfkXkZCW;

  f. 62.827622 BTC in 1PdCENKKFsAxz849SswQbuzWgouSC2x1Ly;

  g. 46 BTC in 1YCMDxDoYwRApGjyoPVi5onrN8JRLt383[3];

  h. $44,082.65 in ScotTrade Account XXXX6437;

  i. $150,000.00 traceable from federal income tax refund in lieu of forfeiture of Carl Mark Force's interest in real property located at 6722 Glenkirk Road, Baltimore, MD[4];

---

[1] Due to a typographical error, the Bitcoin address listed is incorrect, the correct Bitcoin address is 1FCQPRC5bFZyUteoVUhmDaXcHvMTvhpnDL and correctly stated in preliminary order of forfeiture. The defendant does not contest this correction.

[2] Due to a typographical error, the Bitcoin address listed is incorrect, the correct Bitcoin address is 16MksrMPrpjUots9hZet8fC9fjNZoS4L2p and correctly stated in preliminary order of forfeiture. The defendant does not contest this correction.

[3] Due to a typographical error the Bitcoin amount was incorrectly stated as 43 BTC and should reflect 49.999 BTC and correctly stated in preliminary order of forfeiture. The defendant does not contest this correction.

[4] On July 1, 2015 at the hearing for the defendant's change of plea before this Court, the government and defendant acknowledged that the government received a check in the actual amount of $158,865.00 from the defendant.

APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE
CR 15-0319 RS                                           2

j. $17,759.06 held in the name of Engedi, LLC, controlled and owned by Carl Mark Force, in Bank of America Account XXXXXXXX6394; and

k. $65,658.51 in E-Trade Account XXXX5812,

(hereinafter "subject property").

Defendant further admitted that the subject property constitutes money involved in money laundering and/or proceeds from obstruction of justice and wire fraud, and thus is forfeitable to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c); Title 18, United States Code, Section 982(a)(1)(A); Title 28, United States Code, Section 2461(c) and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853.

Defendant further agreed to pay a Money Judgment in the amount of $500,000.00 and admitted that the Money Judgment constitutes the net proceeds obtained, directly or indirectly as a result of violation of Title 18, United States Code, Section 1343; Title 18, United States Code, Section 1956(a)(1)(A) and (B), and Title 18, United States Code, Section 1512(c)(2), defendant further agreed that the assets identified in letters (a) - (k) can be forfeited and will be used to offset the Money Judgment.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or

1  directing the forfeiture of specific property without regard to any third party's interest in all or part of it.
2  Determining whether a third party has such an interest shall be deferred until any third party files a claim
3  in an ancillary proceeding under Rule 32.2(c).

4  Rule 32.2(b)(3) further provides that the entry of a preliminary order of forfeiture authorizes the
5  Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any
6  discovery the court considers proper in identifying, locating, or disposing of the property; and to
7  commence proceedings that comply with any statutes governing third-party rights.  At sentencing - or at
8  any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the
9  defendant and shall be made part of the sentence and included in the judgment.  The court may include
10 in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any
11 appeal.

12 Pursuant to his plea, the United States has established the requisite nexus between the subject
13 property and the offenses to which the defendant admitted.  Accordingly, that property is subject to
14 forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c); Title 18,
15 United States Code, Section 982(a)(1)(A), and Title 28, United States Code, Section 2461(c).

16 Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States
17 Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims
18 and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government
19 website for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such
20 manner as the Attorney General may direct and notice that any person, other than the defendant, having
21 or claiming a legal interest in the property must file a petition with the Court and serve a copy on
22 Kathryn Haun, Assistant United States Attorney, 450 Golden Gate Ave., Box 36055, San Francisco, CA
23 94102 and/or Arvon J. Perteet, Assistant United States Attorney, 450 Golden Gate Ave., Box 36055,
24 San Francisco, CA 94102, within thirty (30) days of the final publication of notice or of receipt of actual
25 notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate
26 the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under
27 penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the
28 forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  The

United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture which provides for the following:

a. authorizes the forfeiture of the subject property to the United States and entry of a money judgment in the amount of $500,000.00;

b. directs the United States, through its appropriate agency, to seize the forfeited property forthwith;

c. authorizes the government to conduct discovery in order to identify, locate or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

d. directs the United States to publish on a government website for at least thirty days, notice of this Order, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct and provide notice that any person, other than the defendants, having or claiming a legal interest in the subject property must file a petition with the Court and serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

e. the Court to retain jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: 7/8/15

Respectfully submitted,

MELINDA HAAG
United States Attorney

KATHRYN HAUN
WILLIAM FRENTZEN
ARVON J. PERTEET
Assistant United States Attorneys

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee if the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that he caused a copy of the following documents:

- **APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE; and**

- **[PROPOSED] PRELIMINARY ORDER OF FORFEITURE**

to be served this date by U.S. first class mail delivery and certified mail delivery upon the person(s) below at the place and address which is the last known address:

| | |
|---|---|
| Ivan Jules Bates, Esq.<br>201 N. Charles Street, Suite 1900<br>Baltimore, MD 21201<br>(Counsel for FORCE) | Loyst Patrick Fletcher, Esq.<br>Law Offices of Loyst P. Fletcher<br>500 South Grand Avenue, 19th Floor<br>Los Angeles, CA 90071<br>(Counsel for FORCE) |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of July, 2015, at San Francisco, California.

HECTOR LOPEZ
FSA Paralegal III/AFU