AO 245B (Rev. AO 09/11-CAN 7/14) Judgment in Criminal Case
    Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| Carl Mark Force | ) | USDC Case Number: CR-15-00319-002 RS |
| a/k/a "French Maid" | ) | BOP Case Number: DCAN315CR00319-002 |
| | ) | USM Number: 58633-037 |
| | ) | Defendant's Attorney: Ivan Jules Bates (retained) |

**THE DEFENDANT:**

☑ pleaded guilty to count(s): <u>One, Two, and Three of the Information</u>

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1956(a)(1) and (B) | Money Laundering | March 27, 2015 | One |
| 18 U.S.C. § 1512(c)(2) | Obstruction of Justice | March 27, 2015 | Two |
| 18 U.S.C. §1951 | Extortion Under Color of Official Right | March 27, 2015 | Three |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s)   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/19/2015
Date of Imposition of Judgment

Signature of Judge
The Honorable Richard Seeborg
United States District Judge
Name & Title of Judge

11-2-15
Date

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case
DEFENDANT:  Carl Mark Force
CASE NUMBER:  CR-15-00319-002 RS

Judgment - Page 2 of 7

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
    78 months.  This term consists of terms of 78 on each of Counts One, Two, and Three, all counts to be served concurrently.

☑  The Court makes the following recommendations to the Bureau of Prisons:
    The defendant be housed in BOP facility in Butner, North Carolina, any facility in North Carolina, or any facility in Maryland.

☐  The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  on  (no later than 2:00 pm).

    ☐  as notified by the United States Marshal.

    The appearance bond shall be deemed exonerated upon the surrender of the defendant.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  at  on  (no later than 2:00 pm).

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

    The appearance bond shall be deemed exonerated upon the surrender of the defendant.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| DEFENDANT: Carl Mark Force | Judgment - Page 3 of 7 |
| CASE NUMBER: CR-15-00319-002 RS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>3 years.</u> This term consists of terms of 3 years on each of Counts One, Two, and Three, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;
2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    The defendant shall support his or her dependents and meet other family responsibilities;
5)    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case
DEFENDANT:  Carl Mark Force                                                                                    Judgment - Page 4 of 7
CASE NUMBER:  CR-15-00319-002 RS

## SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

2.    The defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

3.    The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

4.    The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

5.    The defendant shall have no contact with victim(s), unless otherwise directed by the probation officer.

6.    The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

7.    The defendant shall not have contact with any codefendant in this case, namely Shaun Bridges.

8.    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

9.    The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case

DEFENDANT:  Carl Mark Force
CASE NUMBER:  CR-15-00319-002 RS

Judgment - Page 5 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $300 | Waived | $340,000 |

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| R.P. | $337,000 | $337,000 | 100% |
| C.G. | $3,000 | $3,000 | 100% |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $340,000 | $340,000 | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the .

    ☐ the interest requirement is waived for the  is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case

DEFENDANT: Carl Mark Force
CASE NUMBER: CR-15-00319-002 RS

Judgment - Page 6 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows[*]:

A ☑ Lump sum payment of ___$340,300___ due immediately, balance due

    ☐ not later than , or

    ☑ in accordance with    ☐ C,   ☐ D, or   ☐ E, and/or   ☑ F below); or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
**When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, in monthly payments of not less than $500 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Any established payment plan does not preclude enforcement efforts by the US Attorney's Office if the defendant has the ability to pay more than the minimum due.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    a. $13,045 in U.S. currency held in a BTC-e account;
    b. 400.00101 BTC in 14QPeQ2UZaMw9khqQeisVNT54j6A3U5Kfe;

[*] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Carl Mark Force                                                     Judgment - Page 7 of 7
CASE NUMBER:  CR-15-00319-002 RS

    c. 51.53406841 BTC in 16MksrMPrpjUots9hZet8fC9fjNZ0S4L2p;

    d. 53 BTC in 1MZTe8a3C7EG6w4HGPLbkmcpRQJfkXkZCW;

    e. 70 BTC in 1MZTe8a3C7EG6w4HGPLbkmcpRQJfkXkZCW;

    f. 62.827622 BTC in 1PdCENKKfsAxz849SswQbuxWgouSC2x1Ly;

    g. 46 BTC in 1YCMDxDoYwRApGjyoPVi4onrN8JRLt383;

    h. $44,082.65 in ScotTrade Account XXXX6437;

    i. $150,000 traceable from federal income tax refund in lieu of forfeiture of Carl Mark Force's interest in real property located at 6722 Glenkirk Road, Baltimore, MD;

    j. $17,759.06 held in the name of Engedi, LLC, controlled and owned by Carl Mark Force, in Bank of America Account XXXXXXXX6394;

    k. $65,658.51 in E-Trade Account XXXX5812

☐    The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**