Pages 1 - 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MARIA-ELENA JAMES, MAGISTRATE JUDGE

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
     v.                      )   NO. 3:15-cr-00319-RS
                             )
SHAUN W. BRIDGES,            )
                             )
            Defendant.       )   San Francisco, California
_____)   Monday, March 30, 2015
```

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING OF PROCEEDINGS**

FTR 9:53 a.m. - 9:56 a.m. and

10:46 a.m. - 10:54 a.m. =  11  minutes total

**APPEARANCES**:

```
For Plaintiff:        MELINDA HAAG
                      United States Attorney
                      For the Northern District of California
                      450 Golden Gate Avenue
                      San Francisco, California  94102
                 BY:  KATHRYN R. HAUN
                      WILLIAM FRENTZEN
                      Assistant United States Attorneys

For Defendant:        Levin and Curlett, LLC
                      201 North Charles Street, Suite 2000
                      Baltimore, Maryland  21201
                 BY:  STEVEN HALE LEVIN, ESQ.


Transcribed by:       Leo T. Mankiewicz, Transcriber
                      leomank@gmail.com
                      (415) 722-7045
```

```
 1    Monday, March 30, 2015
 2                                                          9:53 a.m.
 3                       P R O C E E D I N G S
 4                   (Defendant present in court.)
 5         THE CLERK:  Calling criminal action 15-70370, U.S.A.
 6    versus Shaun W. Bridges.  Counsel, please step forward and
 7    state your appearance for the record.
 8         MS. HAUN:  Good morning, your Honor.  Kathryn Haun and
 9    William Frentzen for the United States.
10         THE COURT:  Good morning.
11         MR. LEVIN:  Good morning, your Honor.  Steven Levin on
12    behalf of Mr. Bridges, who is standing to my right.
13         THE COURT:  All right, good morning.
14         Sir, would you state your name for the record, please?
15         THE DEFENDANT:  Shaun Wesley Bridges.
16         THE COURT:  And your age, please?
17         THE DEFENDANT:  Thirty-two.
18         THE COURT:  Okay.  This is an initial appearance on a
19    complaint, is that correct?
20         MS. HAUN:  That's correct, your Honor.
21         THE COURT:  All right, Mr. Bridges, you've been
22    charged pursuant to a criminal complaint.  This is a criminal
23    proceeding known as an initial appearance.  I'm going to inform
24    you of the charges against you and advise you of your
25    constitutional rights.
```

You have a right to remain silent, which means you are not required to make any statement. Anything you say today could be used against you in future proceedings. You're entitled to consult with and be represented by counsel during questioning by the authorities, at any lineup, at all court proceedings including this one, and you have the right to retain your own counsel, but if you're unable to retain counsel, this court will appoint counsel for you without cost if you cannot afford it.

Do you understand your right to counsel, sir?

**THE DEFENDANT:** Yes, ma'am.

**THE COURT:** All right. You have retained counsel.

**MR. LEVIN:** I am retained, your Honor. I'm appearing as *pro hac vice* status. I filed my paperwork this morning. I request permission to appear before your Honor.

**THE COURT:** Okay. So granted.

And would you please inform the defendant of the charges against him and the penalties attached?

**MS. HAUN:** Yes, your Honor. The defendant is charged in a two-count criminal complaint out of the Northern District of California.

The first count charges the defendant with one count of wire fraud, in violation of 18 United States Code Section 1343. If convicted, the defendant faces a maximum possible term of imprisonment of 20 years, not more than a $250,000

1  fine, not more than three-year term of supervised release, and
2  a $100 mandatory special assessment.
3       The defendant's also charged with one count of money
4  laundering, in violation of 18 United States Code Section 1956.
5  If convicted of that offense, the defendant faces that same
6  maximum -- not the same -- a separate maximum term of
7  imprisonment of 20 years, not more than 20 years, not more than
8  a $500,000 fine or twice the value of the property involved in
9  the transaction, not more than a three-year term of supervised
10 release, and again, the $100 mandatory special assessment.
11      **THE COURT:**  All right.  So again, you don't have to
12 plead at this time, but do you understand the nature of the
13 charges against you?
14      **THE DEFENDANT:**  I do, ma'am.
15      **THE COURT:**  All right, and what's the government's
16 position on detention?
17      **MS. HAUN:**  Your Honor, the defendant is here as a
18 self-surrender, so the government believes that conditions can
19 be fashioned for his release to assure his appearance at future
20 court proceedings.
21      Counsel and the government have been talking about
22 those conditions this morning.  We would ask that the Court
23 pass the matter briefly while we fill out an appropriate form.
24      **THE COURT:**  All right, I'll pass this matter.
25      **MR. LEVIN:**  Thank you.

1         (Matter in recess from 9:56 a.m. to 10:46 a.m.)
2         **THE CLERK:**  Okay, recalling criminal action 15-707370,
3   U.S.A. versus Shaun W. Bridges.  Counsel, please restate your
4   appearances.
5         **MS. HAUN:**  Kathryn Haun and William Frentzen for the
6   government, your Honor.
7         **MR. LEVIN:**  Steven Levin on behalf of Mr. Bridges.
8         **THE COURT:**  All right, good morning again.
9         And counsel, I understand, just for the record, that
10  this matter has been unsealed.
11        **MS. HAUN:**  Yes, your Honor, the terms of your Honor's
12  sealing order expired upon the apprehension of both subjects
13  and/or self-surrender, whichever happened first, and that
14  happened this morning at 8:00 a.m.
15        **THE COURT:**  All right.  So for the record, then, it
16  has been unsealed.
17        And counsel, you have a copy of the bond?
18        **MS. HAUN:**  I do, your Honor.  I'm just going to pass
19  this back over to Mr. Levin, particularly with reference to
20  condition B.
21        The conditions, your Honor, are rather extensive, so
22  I'd like to review them on the record.
23        **THE COURT:**  Okay.  Why don't I read -- why don't I go
24  through what I have to do and we'll -- we can supplement my...
25        All right, Mr. Bridges you're being released on a

1    $500,000 unsecured bond secured by your signature.  The
2    conditions are -- and even though you're not posting cash on
3    this bond, if this release is revoked because you fail to
4    comply with the terms of your release, the government can seek
5    a civil judgment against you in the amount of $500,000.
6               Do you understand that, sir?
7          **THE DEFENDANT:**  Yes, ma'am.
8          **THE COURT:**  Okay.  All right, the conditions are
9    additionally that you should appear at all court proceedings as
10   ordered by this court and surrender for service of any sentence
11   imposed.  You shall not commit any federal, state or local
12   crime.
13              You shall not harass, threaten, intimidate, injure,
14   tamper with or retaliate against any witness, victim,
15   informant, juror, officer of the court, or obstruct any
16   criminal investigation.
17              You shall not travel outside of the Northern District
18   of California and the District of Maryland.  You shall report
19   immediately upon release thereafter as directed by Pretrial
20   Services in the District of Maryland.  You shall surrender your
21   passport and visas to Pretrial Services --
22         **MR. LEVIN:**  And that has been done, your Honor.
23         **THE COURT:**  Okay.  Is it, in -- is that --
24         **MS. HAUN:**  In the Northern District of California.
25         **THE COURT:**  -- in the Northern District of California

```
 1   forthwith, and that's been done already?
 2           MR. LEVIN:  It has been.
 3           THE COURT:  Okay.
 4           MS. HAUN:  Your Honor, as it concerns the passport, if
 5   I could just supplement on the passport condition, Mr. Bridges
 6   had a diplomatic passport as part of his employment as a Secret
 7   Service agent, and my understanding from counsel is that
 8   diplomatic passport has been tendered, or it had been left with
 9   the Secret Service in Baltimore, and I'm just asking Mr. Levin
10   to confirm that on the record.
11           MR. LEVIN:  That is my understanding, as well.
12           THE COURT:  All right, and that shall remain there,
13   then.
14           MS. HAUN:  Yes.
15           THE COURT:  You shall not possess any firearm,
16   destructive device or other dangerous weapon.  You shall have
17   no contact with any co-defendant out of the presence of
18   counsel.  You shall not change residence without prior approval
19   of Pretrial Services.
20           You're additionally -- fourth -- firearms will be
21   surrendered in federal law enforcement custody as directed by
22   the FBI Special Agent Bill Scanlon forthwith, including one
23   SCAR-17, a SCAR-16, a shotgun, Mosberg, and AR-15 assault
24   weapon.
25           And additionally, you shall (audio drop) no access to
```

1    any proceeds of fraud, to include bitcoin and to include
2    quantum funds -- held in Quantum, LCC, or deep web services
3    such as job -- JOR --
4              **MS. HAUN:**  No, your Honor, that's actually just
5    separate -- if I can go back to the --
6              **THE COURT:**  Okay, all right.
7              **MS. HAUN:**  -- quantums.  The quantums, the last
8    condition your Honor mentioned about not accessing any proceeds
9    of the fraud at issue here, other than through his lawyer
10   Mr. Levin, the defendant is agreeing as part of the conditions
11   of his release not to access any funds held in the Quantum, LLC
12   name --
13             **THE COURT:**  Okay.
14             **MS. HAUN:**  -- or any bitcoin-related assets that he
15   has in his name, and then separate and apart from that, he
16   would not access any deep web anonymizing software such as, for
17   example, he wouldn't access the TOR network --
18             **THE COURT:**  Okay.
19             **MS. HAUN:**  -- but he also wouldn't use any anonymizing
20   software to access computers --
21             **THE COURT:**  Okay.
22             **MS. HAUN:**  -- as computer networks that would maintain
23   his anonymity.
24             **MR. LEVIN:**  And we agree to that.
25             **THE COURT:**  Oh, okay. All right.  And did I get

1  everything?
2         **MS. HAUN:** Yes, your Honor, I believe so.
3         Oh, one other thing.  On the travel, it says he can't
4  travel outside the District of Maryland and the Northern
5  District of California.  Since he's obviously traveling for
6  court appearances, sometimes he did -- I noticed his itinerary
7  did make a connection, for example.  So we would ask that he be
8  able to travel to and from court appearances.  So if he's
9  landing in another district --
10        **THE COURT:** That's fine.
11        **MS. HAUN:** -- that's understood to be part of the
12 District of Maryland and Northern District of California.
13        **THE COURT:** Okay.  Is that it, then?
14        **MS. HAUN:** Yes.
15        **MR. LEVIN:** Yes.
16        **THE COURT:** That comports with your understanding?
17 Okay.
18        **MR. LEVIN:** Yes, your Honor.
19        **THE COURT:** All right, sir, if you violate any of the
20 terms of this release, it could result in the immediate
21 issuance of a warrant for your arrest or revocation of this
22 release and order detention and a prosecution for contempt of
23 court.
24        If you fail to appear in court, you're subject to a
25 separate federal offense, which is a $250,000 fine or five

1  years' imprisonment or both.
2          Do you understand that, sir?
3          **THE DEFENDANT:** I do.
4          **THE COURT:** And you accept the terms of your release?
5          **THE DEFENDANT:** I do.
6          **THE COURT:** Okay, and what is the next court date --
7  he's going to have to sign this.
8          **MS. HAUN:** Your Honor, right now, the defendant is
9  amenable to waiving his time in which to have the government
10 indict him or file a criminal information, and so we will
11 prepare a stipulation and file it with your Honor, waiving time
12 for good cause, and we would propose to come back to May 5th --
13         **THE COURT:** Okay.
14         **MS. HAUN:** -- if that date's available for your Honor,
15 as a special setting.
16         **THE COURT:** No, I'll be unavailable that week.  Do
17 I need to handle that?
18         **MS. HAUN:** We could also see the duty magistrate, your
19 Honor.
20         **THE COURT:** Okay.  All right, why don't -- if you want
21 to do it on that date, that's what it would have to be.
22         **MS. HAUN:** Yes, your Honor, and it's possible that the
23 government and defendant will move to change that date, and if
24 we do, we would consult with your Honor's courtroom deputy
25 about your Honor's availability.

1    **THE COURT:** Okay.
2    **MS. HAUN:** Otherwise, if it's to remain May 5th, we
3    would just come to the duty magistrate.
4    **THE COURT:** Okay.
5    **MR. LEVIN:** And that's agreeable with us.
6    **THE COURT:** All right, okay.
7    **THE CLERK:** Then that's at 9:30, before Judge Laporte.
8    **THE COURT:** On May 5th?
9    **THE CLERK:** Oh, that would be Judge Corley.
10   **THE COURT:** Okay.
11                (Indistinct colloquy.)
12   **THE CLERK:** Yeah, it would be Judge Corley.
13   **MS. HAUN:** Actually, is there a standard form
14   available, Ms. Courtroom Deputy, for the waiver of time
15   already?
16   **THE CLERK:** If you wanted to waive time on the record,
17   you can state it and the judge will grant it.  I'll put it in
18   the minute order.
19   **MS. HAUN:** All right, we would move to waive time
20   under Rule 5.1 until May 5th, your Honor.
21   **MR. LEVIN:** And we consent.
22   **THE COURT:** All right, sir.  All right, then I'll
23   indicate for the record that the defendant has waived his time
24   and right to have a preliminary hearing on May 5th, and that
25   will be at 9:30 in front of Judge Corley.

```
 1              And so you're ordered to report to Judge Corley on
 2    May 5th at 9:30.
 3              MR. LEVIN:  Thank you, your Honor.
 4              THE COURT:  Has he been processed by the marshals?
 5              MR. LEVIN:  He's in the process of being processed,
 6    your Honor.
 7              THE COURT:  Okay, all right.  So he's ordered to
 8    complete that before he finishes the fifth -- that -- leaves
 9    the building.
10              MS. HAUN:  Thank you, your Honor.
11              THE COURT:  You're welcome.
12              THE CLERK:  Just wait one minute, I'll give you a copy
13    of...  Court is in recess.
14                                                        10:54 a.m.
15                              ---o0o---
16
17
18
19
20
21
22
23
24
25
```

### CERTIFICATE OF TRANSCRIBER

I, Leo Mankiewicz, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____ 03/20/2016
Signature of Transcriber        Date