Pages 1 - 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MARIA-ELENA JAMES, MAGISTRATE JUDGE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:15-cr-00319-RS |
| | ) | |
| SHAUN W. BRIDGES, | ) | |
| | ) | |
| Defendant. | ) | San Francisco, California |
| _____ | ) | Monday, March 30, 2015 |


**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING**
**OF PROCEEDINGS**

FTR 9:53 a.m. - 9:56 a.m. and

10:46 a.m. - 10:54 a.m. =  11  minutes total


**APPEARANCES**:

For Plaintiff:          MELINDA HAAG
                        United States Attorney
                        For the Northern District of California
                        450 Golden Gate Avenue
                        San Francisco, California  94102
                   BY:  **KATHRYN R. HAUN**
                        **WILLIAM FRENTZEN**
                        Assistant United States Attorneys

For Defendant:          Levin and Curlett, LLC
                        201 North Charles Street, Suite 2000
                        Baltimore, Maryland  21201
                   BY:  **STEVEN HALE LEVIN, ESQ.**


Transcribed by:          Leo T. Mankiewicz, Transcriber
                         leomank@gmail.com
                         (415) 722-7045

1    <u>Monday, March 30, 2015</u>

2                                                          9:53 a.m.

3                        P R O C E E D I N G S

4                   (Defendant present in court.)

5          THE CLERK:  Calling criminal action 15-70370, U.S.A.

6    versus Shaun W. Bridges.  Counsel, please step forward and

7    state your appearance for the record.

8          MS. HAUN:  Good morning, your Honor.  Kathryn Haun and

9    William Frentzen for the United States.

10         THE COURT:  Good morning.

11         MR. LEVIN:  Good morning, your Honor.  Steven Levin on

12   behalf of Mr. Bridges, who is standing to my right.

13         THE COURT:  All right, good morning.

14         Sir, would you state your name for the record, please?

15         THE DEFENDANT:  Shaun Wesley Bridges.

16         THE COURT:  And your age, please?

17         THE DEFENDANT:  Thirty-two.

18         THE COURT:  Okay.  This is an initial appearance on a

19   complaint, is that correct?

20         MS. HAUN:  That's correct, your Honor.

21         THE COURT:  All right, Mr. Bridges, you've been

22   charged pursuant to a criminal complaint.  This is a criminal

23   proceeding known as an initial appearance.  I'm going to inform

24   you of the charges against you and advise you of your

25   constitutional rights.

1          You have a right to remain silent, which means you are

2     not required to make any statement.  Anything you say today

3     could be used against you in future proceedings.  You're

4     entitled to consult with and be represented by counsel during

5     questioning by the authorities, at any lineup, at all court

6     proceedings including this one, and you have the right to

7     retain your own counsel, but if you're unable to retain

8     counsel, this court will appoint counsel for you without cost

9     if you cannot afford it.

10          Do you understand your right to counsel, sir?

11          **THE DEFENDANT:**  Yes, ma'am.

12          **THE COURT:**  All right.  You have retained counsel.

13          **MR. LEVIN:**  I am retained, your Honor.  I'm appearing

14     as *pro hac vice* status.  I filed my paperwork this morning.

15     I request permission to appear before your Honor.

16          **THE COURT:**  Okay.  So granted.

17          And would you please inform the defendant of the

18     charges against him and the penalties attached?

19          **MS. HAUN:**  Yes, your Honor.  The defendant is charged

20     in a two-count criminal complaint out of the Northern District

21     of California.

22          The first count charges the defendant with one count

23     of wire fraud, in violation of 18 United States Code Section

24     1343.  If convicted, the defendant faces a maximum possible

25     term of imprisonment of 20 years, not more than a $250,000

1    fine, not more than three-year term of supervised release, and

2    a $100 mandatory special assessment.

3         The defendant's also charged with one count of money

4    laundering, in violation of 18 United States Code Section 1956.

5    If convicted of that offense, the defendant faces that same

6    maximum -- not the same -- a separate maximum term of

7    imprisonment of 20 years, not more than 20 years, not more than

8    a $500,000 fine or twice the value of the property involved in

9    the transaction, not more than a three-year term of supervised

10   release, and again, the $100 mandatory special assessment.

11        **THE COURT:**  All right.  So again, you don't have to

12   plead at this time, but do you understand the nature of the

13   charges against you?

14        **THE DEFENDANT:**  I do, ma'am.

15        **THE COURT:**  All right, and what's the government's

16   position on detention?

17        **MS. HAUN:**  Your Honor, the defendant is here as a

18   self-surrender, so the government believes that conditions can

19   be fashioned for his release to assure his appearance at future

20   court proceedings.

21        Counsel and the government have been talking about

22   those conditions this morning.  We would ask that the Court

23   pass the matter briefly while we fill out an appropriate form.

24        **THE COURT:**  All right, I'll pass this matter.

25        **MR. LEVIN:**  Thank you.

1          (Matter in recess from 9:56 a.m. to 10:46 a.m.)

2          **THE CLERK:**  Okay, recalling criminal action 15-707370,

3     U.S.A. versus Shaun W. Bridges.  Counsel, please restate your

4     appearances.

5          **MS. HAUN:**  Kathryn Haun and William Frentzen for the

6     government, your Honor.

7          **MR. LEVIN:**  Steven Levin on behalf of Mr. Bridges.

8          **THE COURT:**  All right, good morning again.

9          And counsel, I understand, just for the record, that

10    this matter has been unsealed.

11         **MS. HAUN:**  Yes, your Honor, the terms of your Honor's

12    sealing order expired upon the apprehension of both subjects

13    and/or self-surrender, whichever happened first, and that

14    happened this morning at 8:00 a.m.

15         **THE COURT:**  All right.  So for the record, then, it

16    has been unsealed.

17         And counsel, you have a copy of the bond?

18         **MS. HAUN:**  I do, your Honor.  I'm just going to pass

19    this back over to Mr. Levin, particularly with reference to

20    condition B.

21         The conditions, your Honor, are rather extensive, so

22    I'd like to review them on the record.

23         **THE COURT:**  Okay.  Why don't I read -- why don't I go

24    through what I have to do and we'll -- we can supplement my...

25         All right, Mr. Bridges you're being released on a

1    $500,000 unsecured bond secured by your signature.  The

2    conditions are -- and even though you're not posting cash on

3    this bond, if this release is revoked because you fail to

4    comply with the terms of your release, the government can seek

5    a civil judgment against you in the amount of $500,000.

6          Do you understand that, sir?

7          **THE DEFENDANT:**  Yes, ma'am.

8          **THE COURT:**  Okay.  All right, the conditions are

9    additionally that you should appear at all court proceedings as

10   ordered by this court and surrender for service of any sentence

11   imposed.  You shall not commit any federal, state or local

12   crime.

13         You shall not harass, threaten, intimidate, injure,

14   tamper with or retaliate against any witness, victim,

15   informant, juror, officer of the court, or obstruct any

16   criminal investigation.

17         You shall not travel outside of the Northern District

18   of California and the District of Maryland.  You shall report

19   immediately upon release thereafter as directed by Pretrial

20   Services in the District of Maryland.  You shall surrender your

21   passport and visas to Pretrial Services --

22         **MR. LEVIN:**  And that has been done, your Honor.

23         **THE COURT:**  Okay.  Is it, in -- is that --

24         **MS. HAUN:**  In the Northern District of California.

25         **THE COURT:**  -- in the Northern District of California

1    forthwith, and that's been done already?

2              MR. LEVIN:  It has been.

3              THE COURT:  Okay.

4              MS. HAUN:  Your Honor, as it concerns the passport, if

5    I could just supplement on the passport condition, Mr. Bridges

6    had a diplomatic passport as part of his employment as a Secret

7    Service agent, and my understanding from counsel is that

8    diplomatic passport has been tendered, or it had been left with

9    the Secret Service in Baltimore, and I'm just asking Mr. Levin

10   to confirm that on the record.

11             MR. LEVIN:  That is my understanding, as well.

12             THE COURT:  All right, and that shall remain there,

13   then.

14             MS. HAUN:  Yes.

15             THE COURT:  You shall not possess any firearm,

16   destructive device or other dangerous weapon.  You shall have

17   no contact with any co-defendant out of the presence of

18   counsel.  You shall not change residence without prior approval

19   of Pretrial Services.

20             You're additionally -- fourth -- firearms will be

21   surrendered in federal law enforcement custody as directed by

22   the FBI Special Agent Bill Scanlon forthwith, including one

23   SCAR-17, a SCAR-16, a shotgun, Mosberg, and AR-15 assault

24   weapon.

25             And additionally, you shall (audio drop) no access to

1    any proceeds of fraud, to include bitcoin and to include

2    quantum funds -- held in Quantum, LCC, or deep web services

3    such as job -- JOR --

4         MS. HAUN:  No, your Honor, that's actually just

5    separate -- if I can go back to the --

6         THE COURT:  Okay, all right.

7         MS. HAUN:  -- quantums.  The quantums, the last

8    condition your Honor mentioned about not accessing any proceeds

9    of the fraud at issue here, other than through his lawyer

10   Mr. Levin, the defendant is agreeing as part of the conditions

11   of his release not to access any funds held in the Quantum, LLC

12   name --

13        THE COURT:  Okay.

14        MS. HAUN:  -- or any bitcoin-related assets that he

15   has in his name, and then separate and apart from that, he

16   would not access any deep web anonymizing software such as, for

17   example, he wouldn't access the TOR network --

18        THE COURT:  Okay.

19        MS. HAUN:  -- but he also wouldn't use any anonymizing

20   software to access computers --

21        THE COURT:  Okay.

22        MS. HAUN:  -- as computer networks that would maintain

23   his anonymity.

24        MR. LEVIN:  And we agree to that.

25        THE COURT:  Oh, okay.  All right.  And did I get

1    everything?

2            **MS. HAUN:**  Yes, your Honor, I believe so.

3            Oh, one other thing.  On the travel, it says he can't

4    travel outside the District of Maryland and the Northern

5    District of California.  Since he's obviously traveling for

6    court appearances, sometimes he did -- I noticed his itinerary

7    did make a connection, for example.  So we would ask that he be

8    able to travel to and from court appearances.  So if he's

9    landing in another district --

10           **THE COURT:**  That's fine.

11           **MS. HAUN:**  -- that's understood to be part of the

12   District of Maryland and Northern District of California.

13           **THE COURT:**  Okay.  Is that it, then?

14           **MS. HAUN:**  Yes.

15           **MR. LEVIN:**  Yes.

16           **THE COURT:**  That comports with your understanding?

17   Okay.

18           **MR. LEVIN:**  Yes, your Honor.

19           **THE COURT:**  All right, sir, if you violate any of the

20   terms of this release, it could result in the immediate

21   issuance of a warrant for your arrest or revocation of this

22   release and order detention and a prosecution for contempt of

23   court.

24           If you fail to appear in court, you're subject to a

25   separate federal offense, which is a $250,000 fine or five

1    years' imprisonment or both.

2              Do you understand that, sir?

3              **THE DEFENDANT:**  I do.

4              **THE COURT:**  And you accept the terms of your release?

5              **THE DEFENDANT:**  I do.

6              **THE COURT:**  Okay, and what is the next court date --

7    he's going to have to sign this.

8              **MS. HAUN:**  Your Honor, right now, the defendant is

9    amenable to waiving his time in which to have the government

10   indict him or file a criminal information, and so we will

11   prepare a stipulation and file it with your Honor, waiving time

12   for good cause, and we would propose to come back to May 5th --

13             **THE COURT:**  Okay.

14             **MS. HAUN:**  -- if that date's available for your Honor,

15   as a special setting.

16             **THE COURT:**  No, I'll be unavailable that week.  Do

17   I need to handle that?

18             **MS. HAUN:**  We could also see the duty magistrate, your

19   Honor.

20             **THE COURT:**  Okay.  All right, why don't -- if you want

21   to do it on that date, that's what it would have to be.

22             **MS. HAUN:**  Yes, your Honor, and it's possible that the

23   government and defendant will move to change that date, and if

24   we do, we would consult with your Honor's courtroom deputy

25   about your Honor's availability.

1          **THE COURT:**  Okay.

2          **MS. HAUN:**  Otherwise, if it's to remain May 5th, we

3     would just come to the duty magistrate.

4          **THE COURT:**  Okay.

5          **MR. LEVIN:**  And that's agreeable with us.

6          **THE COURT:**  All right, okay.

7          **THE CLERK:**  Then that's at 9:30, before Judge Laporte.

8          **THE COURT:**  On May 5th?

9          **THE CLERK:**  Oh, that would be Judge Corley.

10         **THE COURT:**  Okay.

11                   (Indistinct colloquy.)

12         **THE CLERK:**  Yeah, it would be Judge Corley.

13         **MS. HAUN:**  Actually, is there a standard form

14    available, Ms. Courtroom Deputy, for the waiver of time

15    already?

16         **THE CLERK:**  If you wanted to waive time on the record,

17    you can state it and the judge will grant it.  I'll put it in

18    the minute order.

19         **MS. HAUN:**  All right, we would move to waive time

20    under Rule 5.1 until May 5th, your Honor.

21         **MR. LEVIN:**  And we consent.

22         **THE COURT:**  All right, sir.  All right, then I'll

23    indicate for the record that the defendant has waived his time

24    and right to have a preliminary hearing on May 5th, and that

25    will be at 9:30 in front of Judge Corley.

```
 1              And so you're ordered to report to Judge Corley on

 2    May 5th at 9:30.

 3              MR. LEVIN:   Thank you, your Honor.

 4              THE COURT:   Has he been processed by the marshals?

 5              MR. LEVIN:   He's in the process of being processed,

 6    your Honor.

 7              THE COURT:   Okay, all right.   So he's ordered to

 8    complete that before he finishes the fifth -- that -- leaves

 9    the building.

10              MS. HAUN:   Thank you, your Honor.

11              THE COURT:   You're welcome.

12              THE CLERK:   Just wait one minute, I'll give you a copy

13    of...   Court is in recess.

14                                                        10:54 a.m.

15                              ---o0o---

16

17

18

19

20

21

22

23

24

25
```

1

2

3              **CERTIFICATE OF TRANSCRIBER**

4

5          I, Leo Mankiewicz, certify that the foregoing is a

6    true and correct transcript, to the best of my ability, of the

7    above pages of the official electronic sound recording provided

8    to me by the U.S. District Court, Northern District of

9    California, of the proceedings taken on the date and time

10   previously stated in the above matter.

11         I further certify that I am neither counsel for,

12   related to, nor employed by any of the parties to the action in

13   which this hearing was taken; and, further, that I am not

14   financially nor otherwise interested in the outcome of the

15   action.

16

17   _____  03/20/2016

18         Signature of Transcriber          Date

19

20

21

22

23

24

25